JOE SPARLING, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Sparling v. Commissioner
Docket No. 23934-86
United States Tax Court
T.C. Memo 1990-661; 1990 Tax Ct. Memo LEXIS 736; 60 T.C.M. (CCH) 1598; T.C.M. (RIA) 90661; December 31, 1990,Filed *736 Decision will be entered under Rule 155. Joe Sparling, pro se. Robert S. Scarbrough, for the respondent. SCOTT, Judge. GALLOWAY, Special Trial Judge. SCOTT *2259 MEMORANDUM OPINION *737 This case was assigned to Special Trial Judge Lee M. Galloway pursuant to section 7443A(b)(4) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: Respondent determined the following deficiency in and additions to petitioner's 1982 Federal income tax: Additions To Tax, Secs:
Year
Deficiency
6653(a)(1)
6653(a)(2)
6659
1982
$ 10,920
$546.00
*
$ 2,924
*738 Respondent also determined that petitioner is liable for additional interest under section 6621(d), redesignated as section 6621(c). At trial, the parties filed a stipulation of settlement with respect to all adjustments relating to the STVS tax shelter (also sometimes called the Jack Elliott movie tax shelter), the only adjustment made in the notice of deficiency. The remaining issue for consideration in this case is whether a notice of deficiency was mailed to petitioner prior to expiration of the statutory period of limitations for the year 1982. Some of the facts are stipulated and are so found. This reference incorporates the stipulation of facts and the attached exhibits. Petitioner was a resident of 6126 Condon Ave., Los Angeles, California, 90056, when his petition was filed with this Court. His Federal income tax return for 1982 was filed with the Internal Revenue Service Center, Fresno, California, and disclosed the Condon Avenue address, at *739 which petitioner had lived for 12 years. Attached to the petition was a copy of a notice of deficiency (with one additional page attached) issued by the Office of the District Director in San Jose, California. On the bottom right of the deficiency notice was the printed name (no signature) of District Director Elmer Kletke. Below the notice of deficiency date of April 1, 1986, at the top right of the 90-Day letter were the typed words "Person to Contact: George Economou, Contact Telephone Number: (408) 443-2290." After the phone number were the words and numbers "(ELLIOT) (sic) FILM018211," which were the tax shelter name and identifying symbols given by respondent to all STVS partnership shelter cases. Economou's business address (not on the notice of deficiency) was in Salinas, California, 60 miles south of San Jose. Respondent's agents in this office included those who were assigned to examine partnership and individual tax returns involving the STVS (Jack Elliott) shelter partnerships. The deficiency notice attached to the petition is ink stamped "CERTIFIED MAIL" and "APR 01 1986." The one additional page attached to the notice of deficiency is Form 870 (Rev. 6-80), a printed *740 form prepared by respondent to solicit an agreement (consent to assessment and collection) of the taxpayer to the determined deficiency and additions to tax. This form was also ink stamped "APR 01 1986" on the top right corner. The form was signed by George Economou on "3/12/86". In his petition filed June 30, 1986, petitioner alleges that "The Petitioner's notice of deficiency (90-Day letter) dated April 1, 1986, was not sent by registered mail and was delivered on May 5, 1986." In his answer, respondent alleged that the notice of deficiency in this case was timely issued on April 1, 1986. Attached to the stipulation are petitioner's 1982 tax return, respondent's complete file copy (10 pages) of the notice of deficiency, a copy of a certified mailing list (U.S. Postal Form 3877), showing a stamped date of April 1, 1986, and petitioner's name and proper address under the list of the pieces of mail, a copy of a large envelope mailed to petitioner from George Economou of the Internal Revenue Service, and letters addressed to petitioner from postal employees working at the Saint James Park postal station in San Jose and the Crenshaw postal station in Los Angeles. According to the *741 letters, neither postal station maintained a record of delivery of certified mail or the return of such mail during the period relevant herein. The parties have further stipulated that petitioner has been unable to obtain from the U.S. Postal Service any record of delivery of certified mail to him in April 1986. At trial, petitioner renewed his argument that the period of limitations had expired when the notice of deficiency was mailed to him. *2260 Petitioner claims that the notice of deficiency was received by him by ordinary mail on May 5, 1986, and asserts that this document therefore could not have been issued and mailed on the date it bears, April 1, 1986. The large Government mailing envelope petitioner claims was used to mail the notice of deficiency to him was hand addressed to petitioner at his Los Angeles address. The return address on the top left of the envelope reads as follows: Internal Revenue Service 8 E. Alisal Street Salinas, CA 93101 Attn: Economou Official Business Penalty for Private Use $ 300 The return address was printed, with the exception of the handwritten name "Economou." (Economou was one of respondent's agents in the District *742 Director's Salinas office who examined STVS tax shelter partnership returns). The franked envelope discloses no postal mailing mark, as is usually the case with Government communications sent by ordinary mail. Respondent agrees that the above envelope was mailed to petitioner, but does not agree when the envelope was received by petitioner. Respondent contends that if the contents of the envelope contained a copy of the deficiency notice, such copy was not the first copy of that document mailed to petitioner for the year 1982. Section 6212(a) provides that if the Secretary of the Treasury determines that there is a deficiency of income tax, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. The sending of a notice of deficiency within the period of limitations on assessment and collection of tax suspends the statute for 90 days within which a petition may be filed with this Court plus 60 days thereon or, if a petition is filed, until 60 days after the decision of this Court in the case becomes final. If the 90-day letter was mailed no later than April 15, 1986, the last day of the period of limitations provided by section 6501(a) *743 for assessment and collection of tax for the year 1982, the period of limitations is open for the 1982 year. Respondent claims that the deficiency notice was mailed to petitioner by certified mail on April 1, 1986. This is the date stamped on the notice of deficiency attached to the petition, and respondent's file copy of the notice of deficiency. It is also the postmark date stamped on Postal Service Form 3877, which discloses respondent delivered to the Postal Service a document for mailing to petitioner on April 1, 1986. Petitioner, however, asserts that these documents do not establish that respondent mailed to him by certified mail the notice of deficiency on April 1, 1986, or on or before April 15, 1986. Accordingly, petitioner argues that the period of limitations has expired and the tax and additions to tax may not be assessed. Respondent is required to prove timely mailing of the deficiency notice by competent and persuasive evidence. ; , affd. per curiam ; . *744 Respondent has successfully proven in some cases the act of mailing notices of deficiency by offering Postal Service Form 3877 reflecting receipt of mail by the Postal Service. . In fact, where the existence of a notice of deficiency is not disputed, as in this case, a properly completed Form 3877 may be sufficient by itself, absent evidence to the contrary, to establish that the notice was properly mailed to the taxpayer. . Postal Service Form 3877, May 1985, was the form used at the time the notice of deficiency in this case was issued to list notices of deficiency mailed to taxpayers. The form number is on the form's left border, and it notes that the form is used "FOR REGISTERED, INSURED, C.O.D., CERTIFIED, AND EXPRESS MAIL." The form contains 15 spaces for the number of articles delivered, name and address of the taxpayer and various boxes to be checked for the type of mail to be delivered,and spaces for various postage fees, handling charges, insurance values, etc. At the bottom of the form are spaces for total number of pieces (of mail) listed by sender, *745 total number of pieces received at the post office, and for signature of the receiving employee. The detailed procedures for preparation of Form 3877 are described in . See also Internal Revenue Manual, vol. II, pt. IV-Audit, Ch. 4400, sec. 4462.2 at 7900. Form 3877 is highly probative. Complete compliance with established procedures for its preparation and mailing, in the absence of contrary evidence, establishes that the notice of deficiency was properly sent. ; . See also , where the Court commented that generally, a Form 3877 is stamped "Statutory Notice of deficiencies for the year(s) indicated, have been sent to the following taxpayers." In this case, in place of the stamp described above in , is the *2261 following stamp in full capital letters: "Internal Revenue Service, 90-Day Section, P.O. Box 11013, San Jose, CA 95103-1013" (90-Day *746 Section stamp). "Total Number of Pieces (of mail) Listed by Sender" and "Total Number of Pieces Received at Postal Office" are 8, respectively. The form is postmarked with a circular stamp "USPO, San Jose, CA St. James Pk. Station No. 5." In the center of the circular stamp is the date April 1, 1986. A receiving employee signed for the Postmaster. The remainder of the form contains handwritten entries of the individual who prepared it. Below the 90-Day Section stamp on Form 3877 is the handwritten name and address of the sender: "Internal Revenue Service, 8 E. Alisal St, Salinas, CA 93901." Below the above address on line 2 of the 15-line form in the column "Number of Article" are the numbers P731227214. Under the name column of "Name of Addressee, Street, and Post Office" is the name "Joe Sparling, 6126 Condon Av., Los Angeles, CA 90056." To the right of the name Joe Sparling are the words "Form 1040, 8212, SSN 552-30-XXXX." At the top right of the printed form are the handwritten words "Notices of Deficiency for the year indicated have been sent to the following taxpayers-Field Cases." All other taxpayer names on the Form 3877 have been deleted. The box for "Certified" mail *747 was marked by the sender. In the present case, respondent relied on compliance with the preparation and mailing procedures used to prepare Form 3877 to prove timely mailing of the notice of deficiency. Cf. . We find that, absent additional evidence from petitioner, respondent has made a proper showing that the bar of the statute is not applicable in this case by proving that the notice of deficiency was mailed to petitioner at his Los Angeles address on April 1, 1986. The Form 3877 bearing petitioner's name is clearly stamped by the Postal Service with the date April 1, 1986, indicating that the document received by the post office for mailing to petitioner was delivered for mailing on that date. Cf. . The fact that Economou may have prepared Form 3877 and the form is not stamped with the statement relating to the issuance of notices of deficiency, as described by the Court in , is immaterial. Notices of deficiency involving STVS tax shelter adjustments were not prepared by employees in the San Jose District *748 office, but by an agent or agents working in another San Jose District city in charge of auditing tax shelter cases and issuing notices of deficiency, when necessary. Although not worded exactly the same, the handwritten recitations of Form 3877 next to the taxpayer's name, address, the year involved, etc., are similar to those referred to in . Failure to comply precisely with each aspect of each procedure is irrelevant if the evidence adduced is sufficient to prove mailing. . We find here that the evidence adduced is sufficient to prove certified mailing of the notice of deficiency to petitioner on April 1, 1986. Petitioner suggests that the Form 3877 with his name on it has been "doctored." He accordingly concludes that "the easiest explanation for my name being on that log sheet is that it is put there falsely by xerox manipulation." There is no basis for such a contention. Respondent submitted to the Court for its inspection the original Form 3877 before names of other taxpayers listed had been deleted. The Court was satisfied that this form was the same as Form *749 3877 in evidence with all names deleted except that of petitioner. Based on the evidence in this record, we hold that the notice of deficiency was timely mailed to petitioner. See . Decision will be entered under Rule 155.
Footnotes
1. All section numbers refer to the Internal Revenue Code in effect for the taxable year in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on $ 10,920.↩